IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF NORTHAMPTON,**<br>           **Plaintiff,**<br><br>                    **v.**<br><br>**RAM CONSTRUCTION SERVICES OF CLEVELAND, LLC,**<br>           **Defendant.** | **CIVIL ACTION NO. 12-5958** |

Baylson, J.                                                                                                       March 11, 2013

**MEMORANDUM RE: MOTION FOR LEAVE TO JOIN THIRD PARTY DEFENDANT AND/OR DISMISSAL OF THE ACTION**

Plaintiff County of Northampton moves for an order allowing the joinder of an additional defendant, Pennoni Associates Inc., or in the alternative, for an order granting voluntary dismissal of the action. (ECF 13). For the reasons below, the Court GRANTS Plaintiff's motion for joinder. As a result, subject matter jurisdiction no longer exists and the case will be remanded to state court.

**I.       Factual Background**

Plaintiff, the County of Northampton, is a Pennsylvania county. Defendant, RAM Construction Services of Cleveland, is a limited liability company with its principal place of business in Ohio.

Plaintiff and RAM signed a written contract on May 13, 2010, under which RAM agreed to resurface of an upper parking deck at Northampton County's "Courthouse Campus." The final price was $2.2 million, and the contract provided Plaintiff a one-year maintenance bond. RAM completed the resurfacing work around February 11, 2011 and represented to Plaintiff the work was complete on April 23, 2011. At that time and through the present, Plaintiff has been holding onto a claimed retention amount of $44,000.

Plaintiff alleges that "[s]oon after taking possession of the completed Project, Plaintiff became aware that the new surface installed by Defendant pursuant to [the contract] was exhibiting" defects.

These defects included "substantial cracks in the topping slab," the misalignment of "T-Joints" and "control joints," and patches of overhead that had "failed and fallen." (ECF 1, Attachment). Plaintiff claims these defects were "the result of improper concrete finishing and curing . . . improper installation of joints . . . [and] other deficiencies on the part of the Defendant which failed to perform in a proper and workmanlike fashion." (Id.).

## II.     Procedural Background

Plaintiff filed a Complaint against RAM in the Court of Common Pleas of Northampton County, Pennsylvania, on September 20, 2012. (ECF 1, Attachment). Plaintiff's cause of action was material breach of contract. It requested $700,000 in damages.

On October 19, 2012, RAM filed a Notice of Removal, seeking to remove the case to this Court on the basis of diversity jurisdiction. (ECF 1). RAM filed an Answer on October 26, 2012. (ECF 4). In its Answer, RAM contended it had performed all work in a construction-like manner and in accordance with the "design specifications prepared by the third-party design professional(s) responsible for the design and/or redesign of the parking garage structure." (Id.). It claimed any defects "were the direct and proximate result of actions and/or inactions of third party(ies) over which RAM had no control, including but not limited to the design professional(s) responsible for the design and redesign of the parking garage structure." (Id.). RAM also filed three Counterclaims – Violation of the Procurement Code, Breach of Contract, and Unjust Enrichment – all of which pertained to Plaintiff's retaining of the $44,000 dollars.

The Court held a pretrial telephone conference with the parties on November 7, 2012, after which a Scheduling Order was issued. (ECF 5).

## III.    Plaintiff's Arguments for Joinder

On February 11, 2013, Plaintiff filed a Motion for Leave to Join Third Party Defendant and/or Dismissal of the Action (ECF 13) as well as an Amended Complaint (ECF 12). For reasons that are unclear, Plaintiff re-filed these same two documents on February 19. (ECF 16 & 17).

In the motion requesting joinder, Plaintiff sought to add Pennoni Associates Inc., a Pennsylvania corporation with its principal place of business in Philadelphia, as a third-party defendant under Fed. R.

Civ. P. 14. Plaintiff had hired Pennoni to design the garage reconstruction about two months before hiring RAM to carry out construction. Plaintiff's justification for adding Pennoni at that time was:

> While preparing its response to Defendant's Request for Discovery, Plaintiff's attorney discovered that Pennoni's duties included daily oversight of work being done on the project; and that there is a compelling evidence to support an action by the County of Northampton against Pennoni for, inter alia, negligence in not providing sufficient oversight of Defendant RAM's construction work. Plaintiff's claim against Pennoni arises out of the same transaction and occurrence, the surfacing of Plaintiff's parking deck, as is the subject matter of its claim against Defendant RAM. Pennoni is a necessary party to the action both because of its alleged negligence in providing adequate oversight and because Defendant RAM has introduced Pennoni as the cause of the damages which are the subject of this suit.

(ECF 13). Plaintiff stated further that should the Court deny its request for joinder, it intended to file a separate action against Pennoni in state court.

In its Amended Complaint, Plaintiff included new factual contentions about its dealings with Pennoni. Plaintiff averred it had entered into a written contract with Pennoni on March 22, 2010, under which Pennoni would provide "structural engineering and construction administration services" for the project, at a price of $103,000. (ECF 16). Over the next several months, Pennoni undertook to fulfill its contractual obligations by reviewing bids, approving payments, and performing "continuous on-site observations of said Project." (Id.). On February 11, 2011, Pennoni "represented to the County that the Project was completed in a professional and workmanlike manner." (Id.). But according to Plaintiff, Pennoni breached its contractual duties by failing to supervise the construction project in a "professional and competent manner" and by failing to discover obvious problems with cracking, leaking, and joint misalignment. (Id.).

    IV.    **Defendant's Arguments Against Joinder**

On February 20, 2013, Defendant RAM filed a Brief in Opposition to Plaintiff's Motion for Leave to Join Third Party Defendant and/or Dismissal of the Action. (ECF 18). Defendant's primary argument was that under 28 U.S.C. § 1447(e), joinder should be denied because Plaintiff has known of Pennoni's involvement in the project for years and has had ample opportunity to join Pennoni as a

defendant.  According to RAM, Plaintiff's motion for joinder is motivated solely by a desire to defeat diversity jurisdiction.

Section 1447(e) grants courts considerable discretion in deciding motions for joinder when the result of joining a defendant would be to defeat federal court jurisdiction. The statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). Courts in this District consider the following factors in applying Section 1447(e): whether the purpose of the amendment and addition of the defendant is explicitly to defeat federal jurisdiction, whether the plaintiff was dilatory in asking for the amendment, whether the plaintiff will be injured if amendment is not allowed, and any other factors bearing on the equities. See, e.g., Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 369 (E.D. Pa. 2002).  This multi-factor test was developed by the Fifth Circuit in Hensgens v. Deere Co., 833 F.2d 1179, 1182 (5th Cir. 1987), but it is widely followed by courts in this District. See Doe No. 4 v. Soc'y for Creative Anachronism, Inc., 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007) (Baylson, J.) (collecting cases from the Eastern District of Pennsylvania adopting and applying the Hensgens test).

RAM contends that a sound application of the Section 1447(e) factors should lead this Court to deny Plaintiff's motion for joinder. According to RAM, Plaintiff has been aware of Pennoni's involvement in the project since 2010 and has learned of no new facts during discovery that warrant the late addition of Pennoni as a defendant.  For support, RAM points out that Plaintiff and Pennoni signed a contract in March 2010; that after Plaintiff took possession of the project around April 2011 and saw defects, it asked Pennoni to visit the site and observe if there were leaks; that Pennoni conducted such a visit in October 2011 and sent Plaintiff a letter, dated October 26, 2011, relating that the cracks in the concrete were the result of "a lack of proper curing of the concrete by the contractor" (ECF 18, Ex. A); and that after Plaintiff forwarded Pennoni's letter to RAM, RAM responded by letter dated November 9, 2011, claiming: "RAM followed all specifications for concrete placement and proper concrete curing. . . . RAM believes with confidence that the cracking of the concrete slab is directly related to the redesign of

the structure by Pennoni . . . ." (ECF 18, Ex. B).  RAM argues these facts show that Plaintiff was fully apprised of Pennoni's contractual duties as of March 2010 and knew that Pennoni was potentially to blame for the defects as of November 2011. The fact that Plaintiff did not name Pennoni as a defendant when it filed its suit in September 2012 and sought to do so only after the case was removed to federal court, demonstrates Plaintiff is motivated solely by a desire to defeat this Court's jurisdiction.

V.     Analysis

The Court will grant Plaintiff's Motion for Joinder pursuant to Section 1447(e), recognizing that the result of this decision will be a remanding of the case to state court.

First, while Plaintiff has not presented a highly detailed explanation as to why it waited so long to join Pennoni as a defendant, Plaintiff does *not* appear motivated by a desire solely to defeat diversity jurisdiction.  Plaintiff claims it realized only during discovery "that Pennoni's duties included daily oversight of work being done on the project." (ECF 17).  Although one might have expected Plaintiff to know this earlier – given that its contract with Pennoni was signed in March 2010 – it is possible Plaintiff truly was not aware of the full extent of Pennoni's involvement in the daily oversight of the project until discovery was underway.  Plaintiff is a local government, not a business; Plaintiff may not have focused on the details of the case until recently. Overall, it appears Plaintiff is motivated more by a desire to be made whole and to join all proper defendants rather than by a desire to defeat diversity jurisdiction. Compare Marker v. Chesapeake Life Ins. Co., 2011 WL 2670004, at *3-4 (E.D. Pa. July 6, 2011) ("[D]espite knowing Mr. DeStefano had acted as an insurance broker and completed Mrs. Marker's insurance application at the time the initial complaint was filed, Mr. Marker was not privy then to certain information that was indicative of Mr. DeStefano's possible liability for Mr. Marker's injury. This information was only subsequently available as a result of Mr. DeStefano's deposition. . . . Given Mr. Marker's arguments on this score, it is apparent that Mr. Marker's primary intent in seeking amendment is to strengthen his case by pursuing relief against another defendant."), with Doe No. 4, 2007 WL 2155553, at *4 ("Despite Plaintiff's denials, the Court concludes Plaintiffs' purpose in joining Shragger at this time appears to be to destroy diversity.  Plaintiffs have no given any valid reasons as to why they did not name

Schragger as a defendant in the state court summons. Plaintiffs have been aware of Schragger's involvement for several years . . .").

Second, the other factors under Section 1447(e) counsel in favor of joinder if Pennoni. Plaintiff would be substantially harmed if Pennoni were not joined, because it would then have to pursue two parallel cases: one in this Court against RAM, and one in state court against Pennoni (and possibly RAM as well, if Pennoni were to join RAM as a third party defendant). Moreover, given that Pennoni would be liable to Plaintiff either for negligent supervision of RAM or for breach of contract, it is not the case that Plaintiff could be made whole in the present action solely by pursuing RAM – in other words, Pennoni's liability is not derivative of RAM's, but separate. Meanwhile, Defendant has not shown it would suffer significant prejudice by having to litigate in state court, which would be the necessary result if joinder were granted. The fact that employees in the Court of Common Pleas of Northampton County use the parking garage involved in this lawsuit and that the County Executive gave two interviews to local media outlets about RAM's "botch[ing]" of the construction does not render Pennsylvania state court inhospitable to this lawsuit.

Finally, this case is still in the discovery phase. The Court held a Rule 16 pre-trial conference on November 7, 2012. On February 19, 2013, the parties requested an extension of discovery and proposed a new deadline of August 31, 2013, citing in support the need to retain experts. (ECF 15). Although adding a new party may likely require some extension of discovery in state court, the delay is not prejudicial.

### VI. Conclusion

For the reasons above, Plaintiff's Motion for Leave to Join Third Party Defendant and/or Dismissal of the Action (ECF 13) is GRANTED, and Pennoni Associates Inc. is joined as an additional defendant. The case will be remanded to state court, given that the addition of Pennoni as a defendant has the effect of destroying diversity and depriving this Court of subject matter jurisdiction. An appropriate order follows.